UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLOCK CLUB CHICAGO,<br><br>      Plaintiff,<br><br>  v.<br><br>U.S. DEPARTMENT OF HOMELAND<br>SECURITY, et al.,<br><br>      Defendants. | Civil Action No. 25-1335 (TSC) |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT
<u>AND MEMORANDUM IN SUPPORT</u>**

**Table of Contents**

BACKGROUND ............................................................................................................... 1

LEGAL STANDARD........................................................................................................ 2

ARGUMENTS.................................................................................................................. 3

    I.     The Court Should Uphold ICE's Withholdings Based on Exemption 6 and 7(C) ............. 3

    II.    The Government Has Produced All Reasonably Segregable, Non-Exempt Material. ....... 9

CONCLUSION.................................................................................................................. 10

# TABLE OF AUTHORITIES

**Cases**                                                                                      Page(s)

*Anderson v. Liberty Lobby, Inc.*,
477 U.S. 242 (1986) ................................................................................................ 2

*Armstrong v. Exec. Off. of President*,
97 F.3d 575 (D.C. Cir. 1996) ................................................................................. 9

*Associated Press v. Dep't of Def.*,
549 F.3d 62 (2d Cir. 2008) ..................................................................................... 3

*Ball v. Marshals Serv.*,
Civ. A. No. 19-1230 (JEB), 2021 WL 4860590 (D.D.C. Oct. 19, 2021) ................. 5

*Blanton v. Dep't of Just.*,
63 F. Supp. 2d 35 (D.D.C. 1999) ............................................................................ 6

*Carter v. Dep't of Com.*,
830 F.2d 388 (D.C. Cir. 1987) ................................................................................ 3

*Davis v. Dep't of Just.*,
968 F.2d 1276 (D.C. Cir. 1992) .............................................................................. 6

*CREW v. Dep't of Just.*,
746 F.3d 1082 (D.C. Cir. 2014) ......................................................................... 2, 4

*CREW v. Dep't of Lab.*,
478 F. Supp. 2d 77 (D.D.C. 2007) .......................................................................... 2

*Dep't of State v. Ray*,
502 U.S. 164 (1991) ................................................................................................ 2

*Ecological Rts. Found. v. EPA*,
541 F. Supp. 3d 34 (D.D.C. 2021) .......................................................................... 8

*Emuwa v. Dep't of Homeland Sec.*,
113 F.4th 1009 (D.C. Cir. 2024) ............................................................................. 9

*Groenendal v. Exec. Off. for U.S. Att'ys*,
Civ. A. No. 20-1030 (DLF), 2024 WL 1299333 (D.D.C. Mar. 27, 2024) ........... 4, 5

*Hayden v. Nat'l Sec. Agency*,
608 F.2d 1381 (D.C. Cir. 1979) .............................................................................. 3

*John Doe Agency v. John Doe Corp.*,
    493 U.S. 146 (1989) .................................................................................................... 4

*Jud. Watch, Inc. v. Dep't of Just.*,
    Civ. A. No. 23-1485 (CRC), 2024 WL 4039924 (D.D.C. Sept. 4, 2024) ................................... 8

*Kowal v. Dep't of Just.*,
    107 F.4th 1018 (D.C. Cir. 2024) .................................................................................... 6

*Larson v. Dep't of State*,
    565 F.3d 857 (D.C. Cir. 2009) ...................................................................................... 3

*Lazaridis v. U.S. Dep't of State*,
    934 F. Supp. 2d 21 (D.D.C. 2013) ................................................................................. 7

*Leopold v. Dep't of Just.*,
    94 F.4th 33 (D.C. Cir. 2024) ......................................................................................... 9

*Lepelletier v. FDIC*,
    164 F.3d 37 (D.C. Cir. 1999) ........................................................................................ 3

*Loving v. Dep't of Def.*,
    550 F.3d 32 (D.C. Cir. 2008) ........................................................................................ 2

*Mead Data Ctr., Inc. v. Dep't of Air Force*,
    566 F.2d 242 (D.C. Cir. 1977) ...................................................................................... 9

*Mil. Audit Proj. v. Casey*,
    656 F.2d 724 (D.C. Cir. 1981) ...................................................................................... 2

*Milner v. Dep't of the Navy*,
    562 U.S. 562 (2011) ..................................................................................................... 4

*Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*,
    71 F.3d 885 (D.C. Cir. 1995) ........................................................................................ 7

*Nat'l Archives & Records Admin. v. Favish,*
    541 U.S. 157 (2004) ..................................................................................................... 3

*People for the Ethical Treatment of Animals v. Nat'l Insts. of Health*,
    745 F.3d 535 (D.C. Cir. 2014) ...................................................................................... 5

*Pratt v. Webster*,
    673 F.2d 408 (D.C. Cir. 1982) ...................................................................................... 5

*Pub. Emps. For Env't Responsibility v. United States Section, Int'l Boundary & Water Comm'n*,
  740 F.3d 195 (D.C. Cir. 2014) ............................................................................................ 4

*SafeCard Servs., Inc. v. SEC*,
  926 F.2d 1197 (D.C. Cir. 1991) .......................................................................................... 3

*Salas v. Off. of Inspector Gen.*,
  577 F. Supp. 2d 105 (D.D.C. 2008) .................................................................................... 3

*Schrecker v. U.S. Dep't of Just.*,
  349 F.3d 657, (D.C. Cir. 2003) ........................................................................................... 7

*Scott v. Harris*,
  550 U.S. 372 (2007) ............................................................................................................ 2

*Senate of P.R. v. United States Dep't of Just.*,
  823 F.2d 574 (D.C. Cir. 1987) ............................................................................................ 7

*Stern v. FBI*,
  737 F.2d 84 (D.C. Cir. 1984) .............................................................................................. 7

*Sussman v. Marshals Serv.*,
  494 F.3d 1106 (D.C. Cir. 2007) .......................................................................................... 9

*Tax Analysts v. IRS*,
  294 F.3d 71 (D.C. Cir. 2002) .............................................................................................. 4

*Viola v. Dep't of Just.*,
  Civ. A. No. 16-1411 (TSC), 2025 WL 1650387 (D.D.C. June 11, 2025) .......................... 8

*Weisberg v. Dep't of Just.*,
  627 F.2d 365 (D.C. Cir. 1980) ............................................................................................ 2

*Wildlife v. Border Patrol*,
  623 F. Supp. 2d 83 (D.D.C. 2009) ...................................................................................... 2

*Williams v. Dep't of Just.*,
  Civ. A. No. 23-0401 (ACR), 2024 WL 2864223 (D.D.C. June 6, 2024) ........................ 4, 5

Statutes

5 U.S.C. § 552(a)(4)(B) ............................................................................................................ 3
5 U.S.C. § 552(b) ............................................................................................................. 9, 2, 6
5 U.S.C. § 552(b)(6) ............................................................................................................. 3, 2
5 U.S.C. § 552(b)(7) ................................................................................................................. 3
5 U.S.C. § 552(b)(7)(C) ......................................................................................................... 4, 2
8 U.S.C. § 1103 ................................................................................................................ 5, 6, 3

The Department of Homeland Security ("DHS") and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants") respectfully move for summary judgment in their favor under Federal Rule of Civil Procedure ("Rule") 56. As demonstrated below, in the accompanying Statement of Material Facts Not in Genuine Dispute, in the Declaration of Fernando Pineiro ("Pineiro Decl."), and in the accompanying *Vaughn* index, there is no genuine issue of material fact as to Defendants' response to Plaintiff's request made under the Freedom of Information Act ("FOIA").

## BACKGROUND

Plaintiff submitted a FOIA request to ICE on January 30, 2025, seeking the following:

> Arrest reports or other records sufficient to show all of the arrests and detentions involving ICE personnel from January 21, 2025 through January 30, 2025, in Chicago and/or the Chicago region.

> For each arrest, please provide the name and age of the arrestee or detainee; the arrest or detention case number; the date of the action; the address of the action; and the current status of the arrest or case.

*See* Pineiro Decl. ¶ 5. On February 5, 2025, Plaintiff agreed to accept a spreadsheet providing the requested records. *Id.* ¶ 7. Plaintiff filed this suit on May 1, 2025. *Id.* ¶ 9; *see also* ECF No. 1.

On June 26, 2025, ICE provided Plaintiff with two spreadsheets with redactions pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E). Pineiro Decl. ¶ 10. On September 30, 2025, upon further review, FOIA Exemption (b)(7)(E) was removed from the spreadsheets and a reprocessed production was sent to Plaintiff with only Exemptions (b)(6) and (b)(7)(C). *Id.* ¶ 11. Exhibit A of the Pineiro Declaration (the *Vaughn* Index) identifies the records, and the redactions applied. Plaintiff has advised that it challenges the remaining redactions but does not challenge the Agency's search.

## LEGAL STANDARD

FOIA was enacted "to pierce the veil of administrative secrecy and to open agency action to the light of public scrutiny." *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991). FOIA "directs that 'each agency, upon any request for records . . . shall make the records promptly available to any person' unless the requested records fall within one of the statute's nine exemptions." *Loving v. Dep't of Def.*, 550 F.3d 32, 37 (D.C. Cir. 2008) (quoting 5 U.S.C. § 552(a)(3)(a)). "The agency bears the burden of establishing that a claimed exemption applies." *Citizens for Resp. & Ethics in Wash. ("CREW") v. Dep't of Just.*, 746 F.3d 1082, 1088 (D.C. Cir. 2014).

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Defs. of Wildlife v. Border Patrol*, 623 F. Supp. 2d 83, 87 (D.D.C. 2009). Summary judgment is warranted where "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A "material" fact is one capable of affecting the substantive outcome of the litigation. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is "genuine" if there is enough evidence for a reasonable jury to return a verdict for the non-movant. *See Scott v. Harris*, 550 U.S. 372, 380 (2007).

To prevail on summary judgment, "the defending agency must prove that each document that falls within the class requested either has been produced, is unidentifiable or is wholly exempt from the Act's inspection requirements." *Weisberg v. Dep't of Just.*, 627 F.2d 365, 368 (D.C. Cir. 1980) (citation modified). A court "may award summary judgment solely on the basis of information provided by the department or agency in declarations when the declarations describe 'the documents and the justifications for nondisclosure with reasonably specific detail, demonstrate that the information withheld logically falls within the claimed exemption, and are not controverted by either contrary evidence in the record nor by evidence of agency bad faith.'" *CREW v. Dep't of Lab.*, 478 F. Supp. 2d 77, 80 (D.D.C. 2007) (quoting *Mil. Audit Proj. v. Casey*,

2

656 F.2d 724, 738 (D.C. Cir. 1981)). An agency's justification for withholding records "is sufficient if it appears logical or plausible." *Larson v. Dep't of State*, 565 F.3d 857, 862 (D.C. Cir. 2009) (citation modified). Review is *de novo*, 5 U.S.C. § 552(a)(4)(B), but a reviewing court should "respect the expertise of an agency" and not "overstep the proper limits of the judicial role in FOIA review[,]" *Hayden v. Nat'l Sec. Agency*, 608 F.2d 1381, 1388 (D.C. Cir. 1979). Courts give agency declarations "a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

## ARGUMENTS

### I. The Court Should Uphold ICE's Withholdings Based on Exemption 6 and 7(C)

#### A. Exemption 6 Protects Private Information in Personnel and Similar Files

Exemption 6 permits the withholding of "personnel and medical files and similar files" when the disclosure of such information "would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). In assessing the applicability of Exemption 6, courts weigh the "privacy interest in non-disclosure against the public interest in the release of the records in order to determine whether, on balance, the disclosure would work a clearly unwarranted invasion of personal privacy." *Lepelletier v. FDIC*, 164 F.3d 37, 46 (D.C. Cir. 1999).

The burden is on Plaintiff to establish that disclosure would sufficiently serve the public interest to overcome the individuals' privacy interests. *See, e.g.*, *Carter v. Dep't of Com.*, 830 F.2d 388, 391 n.13 (D.C. Cir. 1987); *accord Associated Press v. Dep't of Def.*, 549 F.3d 62, 66 (2d Cir. 2008); *Salas v. Off. of Inspector Gen.*, 577 F. Supp. 2d 105, 112 (D.D.C. 2008) ("It is the requester's obligation to articulate a public interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant" (citing *Nat'l Archives & Records Admin. v. Favish*, 541 U.S. 157, 172 (2004))).

B.        Exemption 7(C) Applies More Broadly than Exemption 6

Like Exemption 6, FOIA Exemption 7(C) protects personal privacy when disclosure of "information compiled for law enforcement purposes . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

"When an agency invokes both exemptions, as here, courts 'focus' on Exemption 7(C) because it 'establishes a lower bar for withholding material.'" *Groenendal v. Exec. Off. for U.S. Att'ys*, Civ. A. No. 20-1030 (DLF), 2024 WL 1299333, at *9 (D.D.C. Mar. 27, 2024) (quoting *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082, 1091 n.2 (D.C. Cir. 2014)).

"Exemption 7(C) applies if the agency meets a two-part test." *Williams v. Dep't of Just.*, Civ. A. No. 23-0401 (ACR), 2024 WL 2864223, at *4 (D.D.C. June 6, 2024). "*First*, to invoke any subsection of § 552(b)(7), the agency must first satisfy a threshold requirement that the 'records or information' are 'compiled for law enforcement purposes.'" *Id.* (quoting 5 U.S.C. § 552(b)(7)(C)) (second emphasis omitted). An agency need not link its collection of material to a specific or ongoing investigation, and "law enforcement" refers to the act of enforcing both civil and criminal law. *Tax Analysts v. IRS*, 294 F.3d 71, 77–79 (D.C. Cir. 2002). "Law enforcement entails more than just investigating and prosecuting individuals *after* a violation of the law." *Pub. Emps. For Env't Responsibility v. United States Section, Int'l Boundary & Water Comm'n*, 740 F.3d 195, 203 (D.C. Cir. 2014). The "ordinary understanding of law enforcement includes . . . proactive steps designed to prevent criminal activity and to maintain security." *Milner v. Dep't of the Navy*, 562 U.S. 562, 582 (2011) (Alito, J., concurring). The term "compiled" requires that a document be created, gathered, or used by an agency for law enforcement purposes at some time before the agency invokes the exemption. *See John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 155 (1989). The Court is to "apply a more deferential attitude toward the claims of 'law

4

enforcement purpose' made by a criminal law enforcement agency" because "inadvertent disclosure of criminal investigations, information sources, or enforcement techniques might cause serious harm to the legitimate interests of law enforcement agencies." *Pratt v. Webster*, 673 F.2d 408, 418 (D.C. Cir. 1982).

"*Second*, an agency must show that acknowledgment of responsive documents could reasonably be expected to constitute an unwarranted invasion of personal privacy" by weighing "the public interest in the release of information against the privacy interest in nondisclosure." *Williams*, 2024 WL 2864223, at *4 (cleaned up; quoting *People for the Ethical Treatment of Animals v. Nat'l Insts. of Health*, 745 F.3d 535, 540 (D.C. Cir. 2014)).

*Finally*, "[w]hen Exemption 7(C) is invoked . . . , the justifications for non-disclosure generally are also sufficient evidence of foreseeable harm." *Groenendal*, 2024 WL 1299333, at *10 (quoting *Ball v. Marshals Serv.*, Civ. A. No. 19-1230 (JEB), 2021 WL 4860590, at *9 (D.D.C. Oct. 19, 2021)).

    C.    <u>Exemptions 7(C) and 6 Apply to the Withheld Information</u>

Defendants satisfy both prongs of the Exemption 7(C) test and therefore properly applied Exemption 7(C) to withhold the data in the spreadsheets related to detainees, including names, birth dates, home addresses, and Case IDs. To be sure, Defendants also satisfy Exemption 6, and there can be no doubt the records at issue are personnel files, but the Court need not reach that exemption given Exemption 7(C)'s broader ambit.

First, all the information subject to Plaintiff's request was compiled for law enforcement purposes. Pursuant to the Immigration and Nationality Act, codified under Title 8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions. *See* 8 U.S.C.

5

§ 1103. ICE is the largest investigative arm of the Department of Homeland Security and is responsible for identifying and eliminating vulnerabilities within the nation's borders. *See* Pineiro Decl. ¶ 18. ICE is tasked with preventing activities that threaten national security and public safety by investigating the people, money, and materials that support illegal enterprises. *Id.*

The records and information at issue in this matter pertain to ICE's obligation to accurately portray the work it is doing to further its mission and to allow its employees to conduct work in furtherance of the ICE mission. *Id.* ¶ 19. The records and information pertain to ICE's obligation to enforce the immigration laws of the United States by investigating non-U.S. individuals who may be present in the United States illegally, including records of arrests, bookings, detentions, removals, other related investigations. *Id.* In keeping records related to detainees, ICE is acting in the interest of its employees who are working to ensure that these policies are enacted, that they are fair, and that they provide the greatest level of safety to the public and to ICE employees. *Id.* The records and information located in response to Plaintiff's FOIA request were collected and compiled by ICE law enforcement officers advancing law enforcement missions. *Id.* Therefore, the records and information located were compiled for law enforcement purposes and meet the threshold requirement of Exemption 7.

Second, the privacy interest in nondisclosure outweighs any public interest in the release of the information. "Where there is no identifiable public interest, the privacy interest protected by Exemption 7(C) prevails[.]" *Kowal v. Dep't of Just.*, 107 F.4th 1018, 1031 (D.C. Cir. 2024). "Details that 'reveal little or nothing about an agency's own conduct' are not part of the public interest for purposes of Exemption 7(C)." *Blanton v. Dep't of Just.*, 63 F. Supp. 2d 35, 45 (D.D.C. 1999) (quoting *Davis v. Dep't of Just.*, 968 F.2d 1276, 1282 (D.C. Cir. 1992)).

6

Here, ICE redacted detainees' names, birth dates, home addresses, and Case IDs. Pineiro Decl. ¶ 23. It is well settled that individuals have a substantial privacy interest in their personally identifiable information in law enforcement files. *Schrecker v. U.S. Dep't of Just.*, 349 F.3d 657, 666, (D.C. Cir. 2003) (recognizing that "the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation"); *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 894 (D.C. Cir. 1995) (stating that "third parties who may be mentioned in investigatory files" have "an obvious privacy interest cognizable under Exemption 7(C)"); *Senate of P.R. v. United States Dep't of Just.*, 823 F.2d 574, 588 (D.C. Cir. 1987) ("There is little question that disclosing the identity of targets of law-enforcement investigations can subject those identified to embarrassment and potentially more serious reputational harm."); *Stern v. FBI*, 737 F.2d 84, 91-92 (D.C. Cir. 1984) ("[I]ndividuals have a strong interest in not being associated unwarrantedly with alleged criminal activity."); *Lazaridis v. U.S. Dep't of State*, 934 F. Supp. 2d 21, 38 (D.D.C. 2013) ("As a general rule, third-party identifying information contained in [law enforcement] records is 'categorically exempt' from disclosure." (quoting *Nation Magazine*, 71 F.3d at 896)).

To counter that interest, Plaintiff must show that the redacted personally identifiable information reveals details about the agency's conduct. It is unclear how revealing the detained individuals' names, birth dates, home addresses, and Case IDs will reveal anything about ICE's conduct, let alone have a public interest strong enough to override the individuals' strong privacy interest in nondisclosure. The disclosure of this personally identifiable information serves no public benefit and would not assist the public in understanding how ICE is carrying out its statutory responsibilities. Pineiro Decl. ¶ 25. As Plaintiff cannot establish a public interest, the information was properly withheld.

7

Finally, "when invoking Exemption 7(C), an agency need not establish much more than the fact of disclosure to establish foreseeable harm." *Jud. Watch, Inc. v. Dep't of Just.*, Civ. A. No. 23-1485 (CRC), 2024 WL 4039924, at *6 (D.D.C. Sept. 4, 2024) (quoting *Ecological Rts. Found. v. EPA*, 541 F. Supp. 3d 34, 65 (D.D.C. 2021)). "[D]isclosure of identifying information is a harm in and of itself." *Viola v. Dep't of Just.*, Civ. A. No. 16-1411 (TSC), 2025 WL 1650387, at *11 (D.D.C. June 11, 2025) (quoting *Ecological Rts.*, 541 F. Supp. 3d at 65). Here, the withheld materials protected under Exemptions 6 and 7(C) are detainees' names, birth dates, home addresses, and Case IDs and disclosure of that identifying information foreseeably would cause harm. Pineiro Decl. ¶ 23. Releasing that information "could cause harm to the individual, expose the individual to identity theft, and may lead to unwanted contact from persons that might seek to harm the individual." *Id.* ¶ 24. The identities of persons named in law enforcement files (whether or not the named individual is the target of investigations or law enforcement actions) are properly withheld in recognition of the stigmatizing connotation carried by the mere mention of individuals in law enforcement files. *Id.* Additionally, the third parties identified in the records have not consented to the disclosure of their personally identifiable information. *Id.*

In sum, ICE reasonably foresees that disclosure could constitute an unreasonable invasion of personal privacy and could result in physical, professional, and other types of harms against such individuals. *Id.* ¶ 30. Because the withheld information falls within the exemption and foreseeable harm is patent, Defendants properly applied Exemption 7(C), and for these same reasons Exemption 6 similarly applies. The Court should therefore grant judgment in Defendants' favor.

8

**II.**    **The Government Has Produced All Reasonably Segregable, Non-Exempt Material.**

Under FOIA, if a record contains information exempt from disclosure, any "reasonably segregable," non-exempt information must be disclosed after redaction of the exempt information. 5 U.S.C. § 552(b). Non-exempt portions of records need not be disclosed if they are "inextricably intertwined with exempt portions." *Mead Data Ctr., Inc. v. Dep't of Air Force*, 566 F.2d 242, 260 (D.C. Cir. 1977). To establish proper segregation, an agency need only show "with 'reasonable specificity'" that the information it has withheld cannot be further segregated. *Armstrong v. Exec. Off. of President*, 97 F.3d 575, 578-79 (D.C. Cir. 1996). "Agencies are entitled to a presumption that they complied with the obligation to disclose reasonably segregable material," which must be overcome by some "quantum of evidence" by the requester. *Sussman v. Marshals Serv.*, 494 F.3d 1106, 1117 (D.C. Cir. 2007). An agency "must specifically and thoughtfully" consider whether otherwise exempt information can be released without foreseeable harm to the interests protected by the particular exemption. *Leopold v. Dep't of Just.*, 94 F.4th 33, 37-38 (D.C. Cir. 2024). Nonetheless, an attestation "that 'no further segregation' [i]s possible without disclosing such [exempt] information" suffices to establish an agency's fulfillment of its duty to segregate non-exempt material and to establish foreseeable harm. *Emuwa v. Dep't of Homeland Sec.*, 113 F.4th 1009, 1017 (D.C. Cir. 2024) (citing 5 U.S.C. § 552(a)(8)(A)(ii)).

Here, ICE conducted a line-by-line review to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied. Pineiro Decl. ¶ 32. With respect to the records that were released, all information not exempted from disclosure pursuant to the FOIA exemptions specified above was correctly segregated and non-exempt portions were released. *Id.* ¶ 33. ICE did not withhold any non-exempt information on the grounds that it was non-segregable. *Id.* In each instance where an exemption was applied, the redaction was limited to

the name of the individual and all other personally identifiable information, which if released, would not shed any further light as to the operations or activities of ICE. *Id.* ¶ 27.

## CONCLUSION

Defendants respectfully requests that the Court grant summary judgment in their favor.

Dated: December 19, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: _____ */s/ Kaitlin K. Eckrote* _____
KAITLIN K. ECKROTE
D.C. Bar #1670899
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2485

*Attorneys for the United States of America*