UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLOCK CLUB CHICAGO,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 25-1335 (TSC) |

**DEFENDANTS' STATEMENT OF MATERIAL FACTS AS TO WHICH THERE IS NO GENUINE DISPUTE**

Pursuant to Federal Rule of Civil Procedure 56(b) and Local Civil Rule 7(h), Defendants respectfully submits this statement of material facts as to which there is no genuine dispute. The information herein is largely repeated from the declaration of Fernando Pineiro ("Pineiro Decl."), which describe the exemptions applied to the documents responsive to Plaintiff's request under the Freedom of Information Act ("FOIA").

1. On January 30, 2025, Plaintiff submitted a FOIA request to the U.S. Immigration and Customs Enforcement ("ICE") seeking "Arrest reports or other records sufficient to show all of the arrests and detentions involving ICE personnel from January 21, 2025 through January 30, 2025, in Chicago and/or the Chicago region. For each arrest, please provide the name and age of the arrestee or detainee; the arrest or detention case number; the date of the action; the address of the action; and the current status of the arrest or case." Pineiro Decl. ¶ 5.

2. The ICE FOIA Office sent Plaintiff a Clarification Request email on February 5, 2025, asking if Plaintiff would accept a spreadsheet providing the requested records, which Plaintiff accepted. *Id.* ¶ 7.

3. On May 1, 2025, Plaintiff filed the Complaint in this matter. *Id.* ¶ 9.

4. On June 26, 2025, the ICE FOIA Office produced two spreadsheets to Plaintiff with redactions pursuant to FOIA Exemptions (b)(6), (b)(7)(C), and (b)(7)(E). *Id.* ¶ 10.

5. On September 30, 2025, a reprocessed production was sent to Plaintiff and only Exemptions (b)(6) and (b)(7)(C) remained on the spreadsheets. *Id.* ¶11.

6. Plaintiff is not challenging ICE's search. *Id.* n.1.

**FOIA Exemptions 5 U.S.C. § 552(b)(6)**

7. FOIA Exemption 6 allows the withholding of information found in "personnel and medical files and similar files, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6).

8. Records that apply to or describe a particular individual, including investigative records, qualify as "personnel," "medical" or "similar files" under Exemption 6. Pineiro Decl. ¶ 20.

9. When applying Exemption 6 to responsive documents, the agency must balance the individual's personal privacy interest against the public need for the information. *Id.*

10. ICE applied Exemption 6 to protect from disclosure the names, birth dates, home addresses, and Case IDs, of third-party individuals (detainees). *Id.* ¶ 23.

**FOIA Exemption 5 U.S.C. § 552(b)(7)(C)**

11. FOIA Exemption 7(C) protects from disclosure records or information "compiled for law enforcement purposes" if a release of the records or information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C).

12. When asserting Exemption 7(C), the agency must balance an individual's personal privacy interest against the public's interest in the disclosure of the information. Pineiro Decl. ¶ 22.

13. ICE applied Exemption 7(C) to protect from disclosure the names, birth dates, home addresses, and Case IDs, of third-party individuals (detainees). *Id.* ¶ 23.

**Exemption 7 Threshold**

17. 5 U.S.C. § 552(b)(7) establishes a threshold requirement that, to withhold information on the basis of any of its subparts, the records or information must be compiled for law enforcement purposes. *Id.* ¶ 17.

18. The information for which the ICE FOIA Office asserted Exemption (b)(7) satisfies this threshold requirement. *Id.* ¶ 18.

19. Pursuant to the Immigration and Nationality Act, codified under Title 8 of the U.S. Code, the Secretary of Homeland Security is charged with the administration and enforcement of laws relating to the immigration and naturalization of aliens, subject to certain exceptions. *See* 8 U.S.C. § 1103.

20. ICE is the largest investigative arm of the Department of Homeland Security and is responsible for identifying and eliminating vulnerabilities within the nation's borders. Pineiro Decl. ¶ 18.

21. ICE is tasked with preventing activities that threaten national security and public safety by investigating the people, money, and materials that support illegal enterprises. *Id.*

22. ICE was created in 2003 through a merger of the investigative and interior enforcement elements of the U.S. Customs Service and the Immigration and Naturalization Service and has more than 20,000 employees and offices in all 50 states and 48 foreign countries, and is responsible for enforcing the nation's immigration laws. *Id.*

23. The records and information at issue in this matter pertain to ICE's obligation to accurately portray the work it is doing to further its mission and to allow its employees to conduct work in furtherance of the ICE mission. *Id.* ¶ 19.

24. The records and information at issue in this matter pertain to ICE's obligation to enforce the immigration laws of the United States by investigating non-U.S. individuals who may be present in the United States illegally, including records of arrests, bookings, detentions, removals, other related investigations. *Id.*

25. In keeping records related to detainees, ICE is acting in the interest of its employees who are working to ensure that these policies are enacted, that they are fair, and that they provide the greatest level of safety to the public and to ICE employees. *Id.*

26. The records and information located in response to Plaintiff's FOIA request were collected and compiled by ICE law enforcement officers advancing law enforcement missions. *Id.*

**Withholdings**

17. ICE applied Exemption 6 in conjunction with Exemption 7(C) to protect from disclosure the names, birth dates, home addresses, and Case IDs, of third-party individuals (detainees). *Id.* ¶ 23.

18. Such information, if disclosed to the public or to a third-party requester without the permission of the individual, could cause harm to the individual, expose the individual to identity theft, and may lead to unwanted contact from persons that might seek to harm the individual. *Id.* ¶ 24.

19. Third party individuals have a recognized privacy interest in not being publicly associated with law enforcement investigations through the release of records compiled for law enforcement purposes. *Id.* ¶ 25.

4

20. The identities of persons named in law enforcement files (whether or not the named individual is the target of investigations or law enforcement actions) are properly withheld in recognition of the stigmatizing connotation carried by the mere mention of individuals in law enforcement files. *Id.*

21. The individuals' privacy interest in the information contained in the record outweighs any minimal public interest in the disclosure of the information. *Id.*

22. Plaintiff has not articulated sufficient public interest or public need to justify release of this information. *Id.*

23. The disclosure of this personally identifiable information serves no public benefit and would not assist the public in understanding how ICE is carrying out its statutory responsibilities. *Id.*

24. The third parties identified in the records have not consented to the disclosure of their personally identifiable information. *Id.*

25. ICE determined that the disclosure of the information described above would constitute a clearly unwarranted invasion of personal privacy and thus Exemption 6 applied. *Id.* ¶ 26.

26. ICE determined that disclosure of this information, which was compiled for law enforcement purposes, could reasonably be expected to constitute an unwarranted invasion of personal privacy, and thus Exemption 7(C) applied. *Id.*

27. Having determined that the individuals identified in the responsive records have a cognizable privacy interest in not having their information released, ICE then balanced the interest in safeguarding the individuals' privacy from unnecessary public scrutiny against the public's interest in understanding how ICE performs its statutory duties. *Id.* ¶ 27.

28.     The FOIA Improvement Act of 2016 codified the foreseeable harm standard. *Id.* ¶ 29.

29.     ICE FOIA only withholds information when it reasonably foresees that disclosure would harm an interest protected by an exemption or disclosure is prohibited by law. *Id.*

30.     With respect to FOIA Exemptions 6 and 7(C), a detailed foreseeable harm analysis is usually unnecessary because a harm analysis is built into these exemptions due to what they protect: personal privacy (Exemptions 6 and 7(C)) and records or information compiled for law enforcement purposes (Exemption 7). *Id.* ¶ 30.

31.     In this case, ICE reasonably foresees that disclosure could constitute an unreasonable invasion of personal privacy and could result in physical, professional, and other types of harms against such individuals. *Id.*

**<u>Segregability Obligations</u>**

27.     5 U.S.C. § 552(b) requires that "[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt."

28.     In each instance where Exemptions 6 and 7(C) were applied, the redaction was limited to the name of the individual and all other personally identifiable information, which if released, would not shed any further light as to the operations or activities of ICE. Pineiro Decl. ¶ 27.

29.     ICE conducted a line-by-line review to identify information exempt from disclosure or for which a discretionary waiver of exemption could be applied. *Id.* ¶ 32.

30. With respect to the records that were released, all information not exempted from disclosure pursuant to the FOIA exemptions specified above was correctly segregated and non-exempt portions were released. *Id.* ¶ 33.

31. ICE did not withhold any non-exempt information on the grounds that it was non-segregable. *Id.*

Dated: December 19, 2025

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By:      */s/ Kaitlin K. Eckrote*
KAITLIN K. ECKROTE
D.C. Bar #1670899
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2485

*Attorneys for the United States of America*