UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLOCK CLUB CHICAGO,<br>Plaintiff,<br>v.<br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br>Defendants. | Civil Action No. 25-1335 (TSC) |

**RESPONSES TO PLAINTIFF'S STATEMENT OF UNDISPUTED MATERIAL FACTS**

Pursuant to Federal Rule of Civil Procedure 56(b) and Local Civil Rule 7(h), Defendants respectfully respond to Plaintiff's statement of material facts as to which there is no genuine dispute.

1. Plaintiff Block Club Chicago is a nonprofit news organization that reports on issues concerning Chicago neighborhoods. Dumke Decl., ¶ 4.

Defendants' Response: This statement is immaterial to the resolution of Defendants' Motion for Summary Judgment because it has no bearing on whether the Agency properly withheld the contested information. *See, e.g., Steele v. Schafer*, 535 F.3d 689, 692 (D.C. Cir. 2008) ("A fact is material if it 'might affect the outcome of the suit under the governing law[.]'").

2. To facilitate its reporting, Plaintiff made a FOIA request on January 30, 2025 to ICE for certain information concerning ICE operations that took place in Chicago in late January 2025. *Id.*, ¶ 4.

Defendants' Response: Defendants lack sufficient knowledge or information to respond to Plaintiff's subjective reasoning for making the FOIA request. Otherwise, not disputed.

3. After this lawsuit was filed, ICE produced two spreadsheets that contain rows of information for each arrest and detention that it made in the Chicago area during that time period. *Id.*, ¶ 7.

Defendants' Response: Not disputed.

4. In the spreadsheets it produced in response to Plaintiff's request, ICE has redacted, on the basis of FOIA Exemptions 6 and 7(C), the first name, last name, and Case ID of every arrestee/detainee, as well as in several instances the arrest location. *Id.*

Defendants' Response: Not disputed to the extent "arrest location" refers to an individual's home address. *See* Ex. 1.

5. The birth year of the detainee/arrestee is not redacted. *Id.*

Defendants' Response: Not disputed.

6. ICE detainees are overwhelmingly low-income individuals who often lack the resources or wherewithal to seek out reporters on their own to have their stories investigated and told. *Id.*, ¶ 9.

Defendants' Response: Not disputed that the cited declaration contains the above information. This assertion is disputed to the extent this statement can be read to say that Defendants' assertion of Exemption 6 and 7(C) was improper, and Defendants object that it asserts a legal conclusion that is immaterial to the Court's resolution of Defendant's withholdings under FOIA. In addition, it is disputed for the reasons stated in Defendants' Memorandum.

7. ICE's policy is to not speak to journalists about particular detainees unless the journalist identifies them first. *Id.*, ¶ 10.

Defendants' Response: Not disputed that the cited declaration contains the above information. This assertion is disputed to the extent this statement can be read to say that

Defendants' assertion of Exemption 6 and 7(C) was improper, and Defendants object that it asserts a legal conclusion that is immaterial to the Court's resolution of Defendant's withholdings under FOIA. In addition, it is disputed for the reasons stated in Defendants' Memorandum and because Plaintiff has not identified what "policy" its Declarant is referring to.

8. Even where the name of an individual or arrest location is known, it cannot be linked to the specific rows in ICE's spreadsheets of aggregate data because ICE redacts that information. *Id*., 11.

Defendants' Response: Not disputed that Defendants have redacted the name of detainees and, when it is the individual's home, the arrest location.

9. ICE's operations in Chicago last year have included arresting and/or detaining individuals who had appeared after being told by the government that they were going in for a check-in interview. *Id.*, ¶ 13.

Defendants' Response: Undisputed that Plaintiff's declarant made this statement. To the extent this statement can be read to say that Defendants' assertion of Exemption 6 and 7(C) was improper, Defendants object that it asserts a legal conclusion to which no response is required; to the extent a response is required, disputed for the reasons stated in Defendants' Memorandum.

10. The extent of this practice is unknown. *Id.*

Defendants' Response: Not disputed that Plaintiff's declarant made this statement. This assertion is disputed to the extent this statement can be read to say that Defendants' assertion of Exemption 6 and 7(C) was improper, and Defendants object that it asserts a legal conclusion that is immaterial to the Court's resolution of Defendant's withholdings under FOIA. In addition, it is disputed for the reasons stated in Defendants' Memorandum.

11. ICE's operations in Chicago last year have included raids of large, multi-unit

apartment complexes in which numerous people were arrested and/or detained. *Id.*, ¶ 14.

Defendants' Response: Not disputed.

12. The extent of this practice is unknown. *Id*.

Defendants' Response: Not disputed that Plaintiff's declarant made this statement. This assertion is disputed to the extent this statement can be read to say that Defendants' assertion of Exemption 6 and 7(C) was improper and Defendants state that this assertion is immaterial to the Court's resolution of Defendant's withholdings under FOIA. In addition, it is disputed for the reasons stated in Defendants' Memorandum.

13. On January 26, 2025, ICE stated on its social media account that it "began conducting enhanced targeted operations today in Chicago to enforce U.S. immigration law and preserve public safety and national security by keeping potentially dangerous criminal aliens out of our communities."

Defendants' Response: Not disputed.

14. U.S. Secretary of Homeland Security Kristi Noem has stated that under her leadership "no American citizens have been arrested or detained" by ICE.

Defendants' Response: Not disputed.

15. On October 1, 2025, DHS released a public statement stating: "We have said it a million times: ICE does NOT arrest or deport U.S. citizens."

Defendants' Response: Not disputed.

16. An October 16, 2025 ProPublica study found that immigration agents had detained at least 170 U.S. citizens since the start of the current administration.

Defendants' Response: Not disputed that the cited website contains the above information. This assertion is disputed to the extent this statement can be read to say that Defendants' assertion

of Exemption 6 and 7(C) was improper, and Defendants object that it asserts a legal conclusion that is immaterial to the Court's resolution of Defendant's withholdings under FOIA. In addition, it is disputed for the reasons stated in Defendants' Memorandum. *See also* https://www.dhs.gov/news/2025/10/01/dhs-debunks-new-york-times-false-reporting-dhs-does-not-deport-us-citizens.

17. DHS released a public statement on December 8, 2025 stating: "Under Secretary Noem's leadership, DHS has fulfilled President Trump's promise to carry out mass deportations – starting with the worst of the worst – including the thousands of criminal illegal aliens featured on the new webpage."

Defendants' Response: Not disputed.

18. DHS released a public statement on December 30, 2025 stating "In President Trump's first year in office, ICE law enforcement relentlessly targeted the worst of the worst criminal illegal aliens across our country."

Defendants' Response: Not disputed.

19. The following image is an excerpt from ICE's "Worst of the Worst" website as it existed on September 26, 2025:

Defendants' Response: Not disputed.

20. ICE invites members of the public to "Share" on their social media the name, age, city, arrest date of the individuals on its "Worst of the Worst" website.

Defendants' Response: Not disputed.

21. The information excerpted above is still available on ICE's website.

Defendants' Response: Not disputed.

22. Public scrutiny from journalists and others has previously played a role in changes

to ICE's operations, including with respect to reuniting families and better conditions for detainees, and has at times prompted congressional investigations.

Defendants' Response: Not disputed that the cited website contains the above information. This assertion is disputed to the extent this statement can be read to say that Defendants' assertion of Exemption 6 and 7(C) was improper, and Defendants object that it asserts a legal conclusion that is immaterial to the Court's resolution of Defendant's withholdings under FOIA. In addition, it is disputed for the reasons stated in Defendants' Memorandum.

Dated: February 19, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: */s/ Kaitlin K. Eckrote*

KAITLIN K. ECKROTE
D.C. Bar #1670899
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2485

*Attorneys for the United States of America*