UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| BLOCK CLUB CHICAGO,<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF HOMELAND SECURITY, et al.,<br><br>Defendants. | Civil Action No. 25-1335 (TSC) |

**REPLY IN SUPPORT OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND OPPOSITION TO PLAINTIFF'S CROSS MOTION FOR SUMMARY JUDGMENT**

## Table of Contents

ARGUMENTS ........................................................................................................ 1

I. The Court Should Uphold ICE's Withholdings Based on Exemption 6 and 7(C) ............ 1

CONCLUSION ........................................................................................................ 6

The Department of Homeland Security ("Department") and U.S. Immigration and Customs Enforcement ("ICE") (collectively, "Defendants") respectfully submit this reply in further support of their Motion for Summary Judgment (ECF No. 16, "Defs.' Mot.") and in response to Plaintiff's Combined Cross-Motion for Summary Judgment and Opposition (ECF No. 17, 18, "Pl.'s Opp'n"). As demonstrated in Defendants' motion, Defendants responded to Plaintiff's FOIA request and released all responsive, non-exempt records. *See generally* Declaration of Fernando Pineiro ("Pineiro Decl."). Further, there is no genuine dispute of fact that Defendants properly withheld information pursuant to FOIA Exemptions 6 and 7(C) and fulfilled their segregability obligations. Plaintiff's opposition provides no basis to conclude otherwise, and the Court should grant Defendants' motion and deny Plaintiff's cross-motion.

## ARGUMENT

### I. <u>The Court Should Uphold ICE's Withholdings Based on Exemption 6 and 7(C)</u>

As Defendants explained in their motion, "[w]hen an agency invokes both exemptions, as here, courts 'focus' on Exemption 7(C) because it 'establishes a lower bar for withholding material.'" *Groenendal v. Exec. Off. for U.S. Att'ys*, Civ. A. No. 20-1030 (DLF), 2024 WL 1299333, at *9 (D.D.C. Mar. 27, 2024) (quoting *Citizens for Resp. & Ethics in Wash. v. Dep't of Just.*, 746 F.3d 1082, 1091 n.2 (D.C. Cir. 2014)). Plaintiff does not dispute that the records at issue satisfy the threshold requirement of Exemption 7(C), *i.e.*, that they were compiled for law enforcement purposes. Pl.'s Opp'n at 5 n.8. Accordingly, the question before the Court is whether the withheld information "could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(7)(C). This is done by weighing "the public interest in the release of information against the privacy interest in nondisclosure." *People for the Ethical Treatment of Animals v. Nat'l Insts. of Health*, 745 F.3d 535, 540 (D.C. Cir. 2014). The Court should have no concern in finding that the public interest in disclosure of information related to

detainees, including names, birth dates, home addresses,[1] and Case IDs does not outweigh these individuals' privacy interests.

A. The Privacy Interests Here Are Strong and Should Be Afforded Due Weight

Plaintiff argues that while these detainees do have a "non-*de minimis* privacy interest, this case presents special circumstances that mitigate them." Pl.'s Opp'n at 7. Plaintiff speculates that "many of the individuals who were swept up in the raids may very well welcome public scrutiny on their detention." *Id.* If that is the case, those individuals of course have a right to speak out publicly or contact journalists themselves. But it is not up to Plaintiff to make that decision for these individuals, most of whom likely would not want their private business spread publicly when Exemption 7(C) is meant to protect their identities and similar information. As Plaintiff pointed out, the government is "expected" to protect individuals' privacy interests. *Id.* at. 9. The privacy interest at stake belongs to the individual, not the government agency, *see Dep't of Just. v. Reps. Comm. for Freedom of the Press*, 489 U.S. 749, 763-65 (1989), and an individual has "a strong interest in not being associated unwarrantedly with alleged criminal activity," *Stern v. FBI*, 737 F.2d 84, 91-92, (D.C. Cir. 1984). It is telling that Plaintiff appears to take issue with certain government action but then demands that the Government in this case do the very opposite. *Id.* at 8-9. Plaintiff's contradictory positions cannot be reconciled.

In this instance, Defendants reviewed the documents and determined that the third-party individuals have a recognized privacy interest in not being publicly associated with law enforcement investigations through the release of records compiled for law enforcement purposes. *See* Pineiro Decl. ¶ 24. Defendants recognized the stigmatizing connotation carried by the mere

[1] Plaintiff refers to this as "arrest location." Pl.'s Mot. at 3, 4, 13. The records simply call this category of information "Street Line 1." *See* Ex. 1. Street Line 1 is only redacted when it reflects as individual's home address as shown under the "Address Type" column. *Id.*

mention of individuals in law enforcement files. *Id.* Defendants' declaration is afforded "a presumption of good faith which cannot be rebutted by 'purely speculative claims[.]'" *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C. Cir. 1991) (citation omitted).

Despite Plaintiff's attempt to downplay the detainees' robust privacy interests, courts in this district have found time and time again that individuals have a substantial privacy interest in their personally identifiable information in law enforcement files. *Schrecker v. Dep't of Just.*, 349 F.3d 657, 666, (D.C. Cir. 2003) (recognizing that "the mention of an individual's name in a law enforcement file will engender comment and speculation and carries a stigmatizing connotation"); *Nation Magazine, Wash. Bureau v. U.S. Customs Serv.*, 71 F.3d 885, 894 (D.C. Cir. 1995) (stating that "third parties who may be mentioned in investigatory files" have "an obvious privacy interest cognizable under Exemption 7(C)"); *Senate of P.R. v. Dep't of Just.*, 823 F.2d 574, 588 (D.C. Cir. 1987) ("There is little question that disclosing the identity of targets of law-enforcement investigations can subject those identified to embarrassment and potentially more serious reputational harm."); *Lazaridis v. Dep't of State*, 934 F. Supp. 2d 21, 38 (D.D.C. 2013) ("As a general rule, third-party identifying information contained in [law enforcement] records is 'categorically exempt' from disclosure." (quoting *Nation Magazine*, 71 F.3d at 896)). This Court should not hesitate to find that the third-party individuals hold a strong privacy interest that warrants the withholding of their personal information.

B. Any Public Interest Does Not Overcome the Strong Privacy Interests at Stake

As Defendants explained, the burden is on Plaintiff to establish that disclosure would sufficiently serve the public interest to overcome the individuals' privacy interests. *See, e.g.*, *Carter v. Dep't of Com.*, 830 F.2d 388, 391 n.13 (D.C. Cir. 1987); *Salas v. Off. of Inspector Gen.*, 577 F. Supp. 2d 105, 112 (D.D.C. 2008) ("It is the requester's obligation to articulate a public

interest sufficient to outweigh an individual's privacy interest, and the public interest must be significant" (citing *Nat'l Archives & Records Admin. v. Favish,* 541 U.S. 157, 172 (2004)).

Plaintiff argues that the requested information would help reveal whether the individuals are U.S. citizens and whether those individuals have criminal records. Pl.'s Opp'n at 10-11. Plaintiff asserts that the requested information is necessary to investigate and report on particular incidents. *Id.* at 12-13.

Tellingly, Plaintiff scarcely acknowledges that Defendants withheld detainees' birth dates,[2] home addresses, and Case IDs. This makes sense, as "[d]etails that 'reveal little or nothing about an agency's own conduct' are not part of the public interest for purposes of Exemption 7(C)." *Blanton v. Dep't of Just.*, 63 F. Supp. 2d 35, 45 (D.D.C. 1999) (quoting *Davis v. Dep't of Just.*, 968 F.2d 1276, 1282 (D.C. Cir. 1992)). Plaintiff then argues that although the names of the detainees would not reveal an individuals' citizenship status, "they will enable the public to do so indirectly, such as by searching public voting records or conducting interviews." Pl.'s Opp'n at 10. But disclosure of birth dates, home addresses, and Case IDs will not "she[d] light on an agency's performance of its statutory duties" or otherwise let citizens know "what their government is up to." *Dep't of Def. v. Fed. Lab. Rels. Auth*., 510 U.S. 487, 497 (1994); *see also McGehee v. Dep't of Just.*, 800 F. Supp. 2d 220, 234 (D.D.C. 2011) (noting that "the relevant question" in public interest analysis "is not whether the public would like to know the names . . . but whether knowing those names would shed light on the [agency's] performance of its statutory duties"). Defendants have therefore properly redacted this information.

---

[2] Plaintiff explains that its "requests only seek 'age,' and thus the birth month and day is properly redacted (and ICE's data already includes unredacted birth years, so this point is moot)." Pl.'s Opp'n at 8. Though not clear, it appears Plaintiff is no longer challenging the redaction of the detainees' birth month and day.

It is apparent that the real information Plaintiff wants is the detainees' names. Even if Plaintiff has identified how the names can possibly help reveal detainees' citizenship status and criminal history, it is entirely speculative. Plaintiff's argument boils down to its speculative belief that it may be able to determine whether detainees are citizens but based only on the mere possibility of information potentially available in public voting records. That issue has no bearing on the Government or the information contained in Government records. Alternatively, Plaintiff's argument can be interpreted as stating that if Plaintiff is able to able to identify and contact these individuals, question them about their citizenship and criminal history, and receive truthful responses, then Plaintiff could publicize information with respect to the citizenship status of the detainees. But such a tangential possibility is not strong enough to override the individuals' strong privacy interest in nondisclosure. After all, Plaintiff must show that the "information is likely" to advance the public interest. *Favish,* 541 U.S. at 172. "Otherwise, the invasion of privacy is unwarranted." *Id.* Here, Plaintiff falls far short of this mark.

In sum, as this Court has found, "disclosure of identifying information is a harm in and of itself." *Viola v. Dep't of Just.*, Civ. A. No. 16-1411 (TSC), 2025 WL 1650387, at *11 (D.D.C. June 11, 2025) (quoting *Ecological Rts. Found. v. EPA*, 541 F. Supp. 3d 34, 65 (D.D.C. 2021)). Defendants reasonably foresee that disclosure could constitute an unreasonable invasion of personal privacy and could result in physical, professional, and other types of harms against such individuals. Because the withheld information falls within the exemption and foreseeable harm is patent, Defendants properly app1ied Exemption 7(C). The Court should therefore grant judgment in Defendants' favor.

## CONCLUSION

For the reasons discussed above and in Defendants' motion, the Court should grant summary judgment in Defendants' favor and deny Plaintiff's cross-motion for summary judgment.

Dated: February 19, 2026

Respectfully submitted,

JEANINE FERRIS PIRRO
United States Attorney

By: *\/s/ Kaitlin K. Eckrote*
KAITLIN K. ECKROTE
D.C. Bar #1670899
Assistant United States Attorney
601 D Street, NW
Washington, DC 20530
(202) 252-2485

*Attorneys for the United States of America*